**ORIGINAL**

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

PATRICK F. McTERNAN     4269-0
HOWARD G. McPHERSON    5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
E-mail:   cfskf@croninfried.com

CHASE KIMBALL
LAW OFFICES OF RANDAL L. MEEK, P.C.
935 East 7220 South, D-100
Midvale, Utah 84047
Telephone: (800) 640-6110
Facsimile: (801) 566-8244
E-mail:   ck@rlmlaw.com

Attorneys for Claimants
HEALY BARTLETT and STEVE JAQUES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 20 2005

at __ o'clock and __ min __
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC., a Hawaii corporation, regarding Motor Vessel, X-TREME, Official Number 1153017 for exoneration from or limitation of liability,<br><br>Petitioner. | ) CIVIL NO. CV04-00730 BMK<br>) (In Admiralty)<br>)<br>) CLAIMANTS STEVE JAQUES<br>) AND HEALY BARTLETT'S<br>) CONCISE STATEMENT OF<br>) FACTS IN SUPPORT OF THEIR<br>) SECOND MOTION FOR<br>) PARTIAL SUMMARY<br>) JUDGMENT; DECLARATION OF<br>) COUNSEL; EXHIBITS "A" - "D";<br>) CERTIFICATE OF SERVICE<br>)<br>) [Caption continued on next page]<br>) |

```
) HEARING
) DATE: February 8, 2006
) TIME: 2:00 p.m.
) JUDGE: Hon. Barry M. Kurren
)
) Trial Date: April 4, 2006
) Trial Judge: Hon. Barry M. Kurren
)
```

## CLAIMANTS STEVE JAQUES AND HEALY BARTLETT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF THEIR SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Claimants Steve Jaques and Healy Bartlett, through their attorneys, hereby submit their Separate and Concise Statement of Facts pursuant to LR56.1.

| | FACTS | EVIDENCE |
|---|---|---|
| 1. | X-Treme Parasail, Inc. (XPI) uses "Amsteel Blue" rope for its towlines in its parasailing operation. | Exhibit (Exh.) A at 45:10-23; Exh. B at 24:12-14. |
| 2. | The rope is manufactured by Samson Technologies. | Exh. B at 24:3-4. |
| 3. | It has a breaking strength of 9600 pounds. | Exh. B at 44:3-4. |
| 4. | The standard minimum breaking strength for towlines in the parasailing industry is 5800 pounds. | Exh. B at 43:4-7, 20-23. |
| 5. | XPI does not know whether the amount of strain on its towline during its parasailing operations exceeds 9600 pounds. | Exh. B at 44:5-8, 13-14. |
| 6. | In the 2-3 months prior to the subject accident, XPI's Amsteel Blue towlines parted twice while tandem parasailing flights were in progress. | Exh. A at 41:4-6. 19-24; 44:17-21; 46:5-19; 47:3-5; Exh. B at 22:22-25; 23:1-18. |

| | FACTS | EVIDENCE |
|---|---|---|
| 7. | XPI does not know what caused its towlines to break in those two prior instances. | Exh. B at 23:19-21. |
| 8. | XPI made no effort to find out what caused them to break. | Exh. B at 26:18-19; 27:1-4. |
| 9. | At the time of the subject accident, the winds were light – 10-15 mph trades – and the seas were small – two feet or less. | Exh. A at 60:7-14, 17-21; Exh. C at 85, 87. |
| 10. | At the time of the subject accident, XPI's vessel was operating normally and routinely. | Exh. A at 59:14-15; 96:14-23; 97:16-21. |
| 11. | XPI does not know what caused the towline to part during the subject accident. | Exh. C at 8-9. |
| 12. | XPI engaged a maritime attorney, Bryan Y. Y. Ho, on the day the subject accident occurred, in anticipation of litigation. | Exh. C at 86, 88; Exh. D at ____. (Greg Longnecker, deposition in his personal capacity); (transcript available shortly). |
| 13. | XPI took affirmative steps to secure and preserve the "waiver" form that is the subject of Claimants' first Motion for Partial Summary Judgment on the day of the subject accident. | Exh. D at ____. (transcript available shortly). |
| 14. | XPI did not secure and preserve the failed portion of its towline involved in the subject accident, however, and does not know what happened to it. | Exh. B at 54:9-19; 55:20-23; 58:14-22. |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC., a Hawaii corporation, regarding Motor Vessel, X-TREME, Official Number 1153017 for exoneration from or limitation of liability,<br><br>Petitioner. | CIVIL NO. CV04-00730 BMK<br>(In Admiralty)<br><br>DECLARATION OF COUNSEL |

### DECLARATION OF COUNSEL

HOWARD G. McPHERSON hereby declares:

1. I am an attorney duly licensed and admitted to practice before this Court, and counsel of record for Claimants Steve Jaques and Healy Bartlett herein. The following statements are made on personal knowledge.

2. Attached hereto as Exhibit "A" is a true and correct copy of excerpts from the deposition transcript of Jason Berndt, taken August 25, 2005.

3. Attached hereto as Exhibit "B" is a true and correct copy of excerpts from the deposition transcript of Gregory Stuart Longnecker, as Rule 30(b)(6) designee for Petitioner X-Treme Parasail, Inc., taken September 14, 2005.

4. Attached hereto as Exhibit "C" is a true and correct copy of excerpts from Petitioner X-Treme Parasail, Inc.'s Responses to Claimants Healy Bartlett

and Steve Jaques' First Request for Answers to Interrogatories, Exhibits "A" and "B", received in my office in the normal course of discovery in this case.

5.  Submitted herewith as Exhibit "D" will be true and correct copy of excerpts from the Deposition of Gregory Longnecker in his personal capacity, taken December 8, 2005, which will be submitted as soon as the transcript is available, with the Court's permission.

Under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Dated: Honolulu, Hawaii, December 20, 2005.

HOWARD G. McPHERSON