ORIGINAL

MONROE & ZINDER, P.C.
MATTHEW W. MONROE, CSB #147812
DANIEL F. BERBERICH, CSB #215946
5933 West Century Boulevard, Suite 800
Los Angeles, California 90045
Telephone:  (310) 670-1381
Facsimile:  (310) 670-2148


LAW OFFICES OF ROY Y. YEMPUKU
ROY Y. YEMPUKU, HIB #1228
2930 Mauka Tower
The Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 524-0200
Facsimile:  (808) 524-0209


Attorneys for Petitioner
X-TREME PARASAIL, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 03 2006

at ____o'clock and ____min ___M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC. a Hawaii corporation, regarding Motor Vessel X-TREME, Official Number 1153017 for exoneration from or limitation of liability,<br><br>Petitioner. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.: CV04-00730 BMK<br>**IN ADMIRALTY**<br><br>PETITIONER X-TREME PARASAIL, INC.'S MEMORANDUM IN OPPOSITION TO CLAIMANTS STEVE JAQUES AND HEALY BARTLETT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF GREGORY LONGNECKER IN SUPPORT OF PETITIONER'S OPPOSITION TO CLAIMANTS' MOTION FOR PARTIAL SUMMARY |

|   |   |
|---|---|
| ) | JUDGMENT; CERTIFICATE OF SERVICE |
| ) | |
| ) | |
| ) | <u>Hearing</u>: |
| ) | Date: <u>January 18, 2006</u> |
| ) | Time: <u>10:00 A.M.</u> |
| ) | Judge: <u>Hon. Barry M. Kurren</u> |
| ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Petitioner X-treme Parasail, Inc. ("Petitioner") is a parasail excursion vendor licensed by the Department of Natural Resources of the State of Hawaii to provide customers with recreational ocean parasail flights offshore of Ala Moana Beach Park. Petitioner's vessel, the M/V X-treme is berthed at the Kewalo Basin in Honolulu, Hawaii. On or about August 19, 2004, Claimants Steve Jaques and Healy Bartlett ("Claimants") contracted with Petitioner to take them for a parasail excursion from the Kewalo Basin and back. See, <u>Declaration of Greg Longnecker</u> attached hereto and incorporated by reference herein. Before boarding the M/V X-treme, both Claimants agreed to sign Petitioner's "Parasailing Release of Liability, Waiver of Claims, Express Assumption of Risk and Indemnity Agreement" ("Release").

2

Claimants were the last of five tandem parasail flights on their parasail excursion, however, as they were being launched, the towline parted and the parasail and Claimants descended into the water. The Claimants were immediately retrieved and the M/V X-treme returned to the Kewalo Basin. On December 15, 2004 Petitioner filed a timely action, *In Admiralty*, for exoneration from or limitation of liability pursuant to Rule F of the Federal Rules of Civil Procedure, denominated as, In the Matter of the Motor Vessel X-treme, Civil No. CV04 00730 HG BMK. On March 4, 2005Claimants asserted a claim for damages against Petitioner. On November 8, 2005 Claimants filed a Motion for Partial Summary Judgment to invalidate Petitioner's Release based solely upon the district court's decision in, *In re Pacific Adventures, Inc.*, 5 Supp.2d 874 (D. Haw. 1998), which held that 46 U.S.C. § 183c bars liability releases by recreational ocean activity vendors.

## II. **STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment only where the pleadings and supporting material show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211 (1986). *Augutine v. U.S.* (9TH Cir. 1983) 704

3

F.2d 1074, 1077. The moving party has the burden to establish the absence of a genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142, 154 (1970). *British Airways Board v. Boeing Co.* (9th Cir. 1978) 58/5 F.2d 946, 951

Because summary judgment is a "drastic device", cutting off a party's right to present his or her case to the jury, the moving party bears a "heavy burden" of demonstrating the absence of any material issues of fact. *Nationwide Life Ins., Co. v. Bankers Leasing Ass'n, Inc.* (2nd Cir. 1999) 182 F.3d 157, 160. "Neither do we suggest that the trial courts should act other than with caution in granting summary judgment." *Andersen v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 255, 105 S. Ct. 2505, 2513-2515. The party with the burden of proof must make a showing "sufficient for the court to hold that no reasonable trier of fact could find other that for the moving party." *Calderone v. U.S.* (6th Cir. 1986) 799 F.2d 254, 259, quoting from Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact (1984), 99 FRD 465, 487-488.

The court must view the evidence presented on the motion in the light most favorable to the opposing party. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* 477 U.S. at 255, 106 S. Ct. at 2513. Ultimately, any doubts should be in favor of the party opposing the

motion for summary judgment. *British Airways Board, supra,* 585 F.2d 936, 951.

## III. <u>ARGUMENT</u>

Petitioner submits that Claimants' Motion for Partial Summary Judgment must, as a matter of law, be denied on the grounds that (1) the *In re Pacific Adventures, Inc.* case was "overruled" by subsequent decisions issued by the Fourth and Eleventh Circuit Courts of Appeal, (2) Claimants have failed to show any "valid and persuasive reasons" why the Ninth Circuit Court of Appeal's presumption against creating "inter circuit conflicts" should not be followed and, (3) there exist genuine issues of material fact as to whether or not the "line parting" accident constitutes an "inherent risk" under Hawaii Revised Statutes 663-1.54.

## A. <u>In re Pacific Adventures, Inc. Is Not *Stare Decisis* and Was "Overruled"</u>.

The court should not be misled by Claimants' assertions that the District Court's ruling in the *In re Pacific Adventures, Inc.* case constitutes "published precedent" and is "squarely on point". Said assertions are not only misleading, but clearly contrary to law. Claimants fail to cite to any case or legal authority in support of these assertions because it is well-settled that, "The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." *Starbuck v.*

5

*San Francisco*, 556 F.2d 450, 457, N13 (9th Cir. 1977) (citing, 1B Moore's Federal Practice para. 0.402[1], p. 61 (2d ed. 1947). "... Thus a decision of one district court is not binding upon a different district court." Decisions of district courts may persuade other courts by the force of the supporting rationale, but they are not binding in any other case, **even before the same judge who rendered the decision**, nor upon any other court." *Kessler v. Associates Financial Services Co.*, 573 F.2d 577, 579 (9th Cir. 1977) (citing H. Black (1912) "The Law of Judicial Precedents" 10 et seq.). (Emphasis added.)

In addition, the *In re Pacific Adventures, Inc.* case was "overruled" by the Fourth and Eleventh Circuit Courts of Appeals in the cases of *Waggoner v. Nags Head Water Sports Inc.*, 141 F.3d 1162, 1998 WL 163811 (4th Cir. 1998) and *Schultz v. Florida Keys Dive Center*, 224 F.3d 1269 (11th Cir. 2000). The *Waggoner* and *Schultz* cases are the only federal appellate cases which have taken up the issue of whether 46 U.S.C. § 183c applies to invalidate a liability release in the recreational watersports context. As discussed below, both circuits have determined that 46 U.S.C. § 183c does not apply.

Less than a month after *In re Pacific Adventures, Inc.*, the Fourth Circuit held that 46 U.S.C. § 183c does not bar recreational watersport liability releases in

*Waggoner v. Nags Head Water Sports Inc.*, 141 F.3d 1162, 1998 WL 163811 (4th

Cir. 1998). In *Waggoner*, the plaintiff was injured when she was thrown from a jet ski

which she rented from Nags Head Water Sports and she sued Nags Head alleging

that the jet ski was negligently maintained and operated. The lower court granted

Nags Head's motion for summary judgment based on a liability waiver in the rental

contract. On appeal, the Fourth Circuit Court of Appeals affirmed the district court's

holding that 46 U.S.C. § 183c was not applicable because the jet ski company was

not a common carrier. *Id.* The *Waggoner* court stated:

> "Although the Act as a whole applies to pleasure craft, [citations
> omitted]...this section [46 U.S.C.§183c] is limited by its terms to common
> carriers. The limitation reflects the principle that it is against public policy for
> a common carrier to attempt to limit its liability for its own negligence.
> [citations omitted]...
> That policy has no application where the defendant is not acting as a
> common carrier, however. [citations omitted] ...in such a case, it is dealing
> with matters involving ordinary considerations of contractual relation ; those
> who choose to enter into engagements with it are not at a disadvantage; and its
> stipulations even against liability for its own neglect are not repugnant to the
> requirements of its public service. [citations omitted]
> The policy [of 46 U.S.C. § 183c] has no application where the
> defendant is not acting as a common carrier, however. 'In such a case, it is
> dealing with matters involving ordinary considerations of contractual relation;
> those who choose to enter into engagements with it are not at a disadvantage;
> and its stipulations even against liability for its own neglect are not repugnant
> to the requirements of its public service' [citations omitted]
> Nags Head was not acting as a common carrier. It was not engaged in
> 'transporting passengers between ports of the United States or between any
> such port and a foreign port.' 46 U.S.C. App. § 183c. No port has been
> mentioned, which suggests that support is lacking for Waggoner's argument.

Rather it was providing recreational services 'which are not embraced within its duty as a common carrier although their performance may incidentally involve the actual transportation of persons and things, whose carriage in other circumstances might be within its public obligation.' The policy of admiralty law expressed in 46 U.S.C. App. § 183c, therefore, does not invalidate the exculpatory clause at issue." 141 F.3d at 1177-78. (emphasis added)

Two years later the Eleventh Circuit Court of Appeals in the case of *Schultz v. Florida Keys Dive Center*, 224 F.3d 1269 (11th Cir. 2000) joined the Fourth Circuit and also held that 46 U.S.C. § 183c does not bar recreational watersport liability releases. In *Schultz*, the decedent had drowned while scuba diving on a trip conducted by Florida Keys Dive Center and decedent's personal representative brought a wrongful death suit against the dive center and various individuals. The dive center brought a motion for summary judgment based on the liability release, which the district court granted. The plaintiff appealed and the Eleventh Circuit affirmed the district court's ruling and held that 46 U.S.C. § 183c did not apply to invalidate the release. The *Schultz* court held,

> "In affirming the district court's decision that § 183c(a) does not invalidate a scuba diving release otherwise valid under state law, we follow the consistent lead of the few cases addressing the release issue under facts similar to this one. . . In addition to this case, every district court and state court presented with the issue, however, has upheld such releases in recreational scuba diving cases such as this one, based on either the lack of application of § 183c(a) or based on a lack of admiralty jurisdiction." 224 F.3d at 1271.

**B.**  **Claimants' Motion For Partial Summary Judgment Fails To Comply With The Ninth Circuit Court of Appeals Rule Against Inter Circuit Conflicts.**

It is well-settled that in the absence of any "valid and persuasive reasons to hold otherwise", this court must follow the holdings in the *Waggoner* and *Schultz* cases and deny the instant motion for partial summary judgment. *Environmental Prot. Info. Ctr., Inc. v. Pacific Lumber Co.*, 257 F.3d 1071, 1077 (9th Cir. 2001). In the *Environmental* case, the Ninth Circuit Court of Appeals held that, under the presumption against creating inter circuit conflicts, when considering a legal issue that has already been decided by another circuit court, the Ninth Circuit will follow the other circuits, "unless there are valid and persuasive reasons to hold otherwise." It is clear that the "inter circuit conflict" rule applies to the Claimants' instant Motion for Partial Summary Judgment and mandates the court to follow the holdings in the *Waggoner* and *Schultz* cases, which are directly contrary to the District Court's decision *In re Pacific Adventures, Inc.*, "unless there are valid and persuasive reasons to hold otherwise". The only "reason" asserted by Claimants' in support of the instant motion is, "...admiralty law 'prohibits such a release'". <u>See</u>, Claimants' <u>Memorandum In Support of Motion</u> filed November 8, 2005, at p. 2. However, Claimants' "reason" is not "valid and persuasive" because, as discussed in more detail hereinbelow, the District Court's decision in the *In re Pacific Adventures, Inc.*

case was and remains an anomaly and not been followed by the Fourth and Eleventh Circuit Courts of Appeal. Since Claimants have failed to show any "valid and persuasive" reasons why the court should create an inter circuit conflict by not following the *Waggoner* and *Schultz* cases, their motion for partial summary judgment must be dismissed as a matter of law.

## C. The *In re Pacific Adventures* Decision Is An Anomaly.

The District Court's decision in the case of *In re Pacific Adventures, Inc.,* holding that 46 U.S.C. § 183c barred Petitioner's liability release is an anomaly in that every other United States district or appellate court has refused to apply 46 U.S.C. § 183c to a recreational watersport liability release because the vessel is not acting as a common carrier and is not traveling from port to port, as required by the plain language of Section 183c.

The district courts of the First and Second Circuits have also followed the decisions of the Fourth and Eleventh Circuit Courts of Appeals and declined to follow *In re Pacific Adventures, Inc.* In the case of *Olivelli v. Sappo Corp.*, 225 F. Supp. 2d 109, 119 (D.P.R. 2002), the district court for the First Circuit granted defendants' motion for summary judgment to enforce the liability release and dismissed the case with prejudice. In doing so, the court cited to the *Schultz* case:

"However, as Plaintiffs concede, the Schultz court faced an identical argument and held that the statutory language did not invalidate the SCUBA release because, (1) the dive boat was not a vessel transporting passengers between ports of the United States, and (2) the vessel could not be categorized as a common carrier to which section 183c applied. 224 F.3d at 1271; see also *Waggoner v. Nags Head Water Sports Inc.*, 141 F.3d 1162, 1998 WL 163811 (4th Cir. 1998). The Court agrees with the circuits' holdings." 225 F.Supp. 2d at 119.

Likewise the district court of the Second Circuit in *Murley v. Deep Explorers, Inc.*, 281 F. Supp. 2d 580, 589 (D.N.Y. 2003), in a wrongful death case arising out of a recreational scuba dive, also found the Defendant's liability release to be valid under admiralty law.

## D.  46 U.S.C. § 183c Is NOT Vague or Ambiguous.

It is well-settled in this jurisdiction that, "When statutory language is clear and unambiguous . . . a judicial inquiry into the meaning of the statute ends." *United States v. Molinaro*, 876 F.2d 1432, 1433 (9th Cir. 1989). In the instant case, 46 U.S.C. § 183c is not vague or ambiguous. On the contrary, the language is clear and unambiguous. By its own terms, Section 183c's prohibition against provisions limiting liability applies only to managers, agents, masters, or owners of vessels who transport "passengers between ports of the United States or between any such port and a foreign port."

Congress enacted 183c in 1936 in response to "the practice of providing on

11

the reverse side of steamship tickets that in the event of damage or injury caused by the negligence or fault of the owner or his servants, the liability of the owner shall be limited to a stipulated amount" S.Rep. No. 2061, 74th Cong., 2d Sess., 6 (1936); H.R.Rep. No. 2517, 74th Cong., 2d Sess., 6 (1936). Congress stated that Section 183c "will put a stop to all such practices and practices of like character." S.Rep. No. 2061, 74th Cong., 2d Sess., 6 (1936); H.R.Rep. No. 2517, 74th Cong., 2d Sess., 6 (1936).

"That 'practice' that Congress intended to outlaw was much different than the practice here requiring a signed liability release to participate in the recreational and inherently risky activity of scuba diving." *Schultz, supra*, 224 F.3d at 1271. Because the language of Section 183c is clear and Congress' intent is evident, Section 183c should be applied in accordance with its plain meaning and, in the absence of a finding that the statute is "vague and ambiguous" the Court is precluded from applying it to liability releases by private carriers who do not transport passengers from port to port, such as the Petitioner herein.

Likewise, applying Section 183c to liability releases in the recreational watersports context would also impair the right of private parties to contract with the difference being that, <u>unlike common carriers, private carriers are not bound to carry</u>

any person for any reason unless they enter into an agreement to do so. *See Kerr-McGee Corp. v. LAW*, 479 F.2d 61, 64 (4th Cir. 1973) (holding that parties to contract of private carriage were free under admiralty law "to make whatever contractual allocation of risk they desired").

## E. **Pursuant to HRS § 663-1.54 There Exists Genuine Issues of Material Fact**

HRS § 663-1.54 states in part that, "owners and operators of recreational activities shall not be liable for damages for injuries to a patron resulting from inherent risks associated with the recreational activity if the patron participating in the recreational activity voluntarily signs a written release waiving the owner or operator's liability for damages for injuries resulting from the inherent risks." HRS § 663-1.54(c) states that "[t]he determination of whether a risk is inherent or not is for the trier of fact." Thus, when a case involves a liability release, as a matter of law HRS § 663-1.54(c) creates a genuine issue of fact as to whether or not the risks agreed to in the release are "inherent" in the recreational activity. *King v. CJM Country Stables*, 315 F.Supp.2d 1061, (D. Haw. 2004), (The court found that summary judgment was precluded finding that a genuine issue of material fact was statutorily created as to whether the horse-biting incident was an inherent risk of the horseback riding activity. *Id.* at 1067.

## IV. <u>CONCLUSION</u>

In their motion for partial summary judgment Claimants attempt to mislead the court by asserting that *In re Pacific Adventures, Inc.* constitutes "published precedent", and by intentionally failing to "disclose the existence of pertinent legal authorities".[1]  However, in view of the unanimous refusal by the Fourth and Eleventh Circuit Courts of Appeals, as well as by the district courts of the First and Second Circuits, to follow *In re Pacific Adventures, Inc.* as well as the Claimants' failure to show any "valid and persuasive reasons" why the Ninth Circuit's presumption against creating "inter circuit conflicts" should not be followed in this case, it is clear that Claimants' motion for partial summary judgment should be denied as a matter of law.

DATED: Honolulu, Hawaii ____January 3____, 2006.

---

[1] Comment [3] to Rule 3.3 of the *Rules of Professional Responsibility* states:

Misleading Legal Argument
Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction which has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

14

MATTHEW W. MONROE
ROY Y . YEMPUKU
DANIEL BERBERICH
Attorneys for Petitioner
X-TREME PARASAIL, INC.

In the Matter of the Complaint of X-Treme Parasail, Inc., A Hawaii Corporation, regarding Motor Vessel X-TREME, Official Number 1153017 for exoneration from or limitation of liability; Civil No.: CV04-00730 BMK

15