ORIGINAL

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

PATRICK F. McTERNAN          4269-0
HOWARD G. McPHERSON       5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
E-mail: cfskf@croninfried.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 10 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

CHASE KIMBALL
LAW OFFICES OF RANDAL L. MEEK, P.C.
935 East 7220 South, D-100
Midvale, Utah 84047
Telephone: (800) 640-6110
Facsimile: (801) 566-8244
E-mail: ck@rlmlaw.com

Attorneys for Claimants
HEALY BARTLETT and STEVE JAQUES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC., a Hawaii corporation, regarding Motor Vessel, X-TREME, Official Number 1153017 for exoneration from or limitation of liability,<br><br>Petitioner. | ) CIVIL NO. CV04-00730 BMK<br>) (In Admiralty)<br>)<br>)<br>) CLAIMANTS' REPLY IN<br>) SUPPORT OF THEIR FIRST<br>) MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT;<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) [Caption continued on next page]<br>) |



)  DATE: February 8, 2006
)  TIME: 2:00 p.m.
)  JUDGE: Hon. Barry M. Kurren
)
)  Trial Date: May 2, 2006
)  Trial Judge: Hon. Barry M. Kurren
)

CLAIMANTS' REPLY IN SUPPORT OF THEIR
FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

I.   INTRODUCTION

The opinion authored by Senior Judge Kay in <u>Pacific Adventures</u> displays all the hallmark attributes of his thinking and writing that the Hawaii legal community has come to know well: careful and detailed treatment, a thorough survey of applicable authorities, and solidly reasoned analysis.

The opinion authoritatively disposes, blow-by-blow, of each substantive point raised in opposition to this Motion.

II.  SUMMARY OF ARGUMENT

Section 183c of the Limitation Act does not apply only to vessels operating as common carriers. Section 188 of the Act makes this abundantly clear. Nor does Section 183c require the involvement of two different ports. Again, Section 188 makes this abundantly clear. Finally, since established maritime law controls, Hawaii law is inapplicable, and there is no need to consider the purported factual issue Petitioner XPI raises as a last ditch effort.

III. <u>ARGUMENT</u>

　　A.　<u>The Statute Does Not Apply Only to Common Carriers</u>

XPI argues <u>Pacific Adventures</u> "held that 46 U.S.C. § 183c bars liability releases by recreational ocean activity vendors." Opp. at 3. It would be more accurate to say, generally speaking, that it held § 183c bars releases in favor of vessel owners in claims against them subject to admiralty jurisdiction.

More specifically, it held "Section 183c *is not limited to common carriers* but applies to 'all vessels used on lakes or rivers or in inland navigation . . . .'" <u>Pacific Adventures</u>, 5 F.Supp.2d at 879 (emphasis added), <u>quoting</u> 46 U.S.C. § 188. In fact, § 183c also applies to "all seagoing vessels". <u>See</u>, 46 U.S.C. § 188. Thus, it is patently incorrect to say, as the court did in <u>Waggoner v. Nags Head Water Sports, Inc.</u>, 141 F.3d 1162 (Table), 1998 WL 163811 (C.A. 4 (N.C.)), that "this Section is limited by its terms to common carriers". <u>Id</u>. at *5.

Although the Limitation Act "is unlikely to serve as a model of legislative draftsmanship," <u>Esta Later Charters, Inc. v. Ignacio</u>, 875 F.2d 234, 237 (9th Cir. 1989), it is still hard to fathom how the <u>Waggoner</u> court missed the broadly incorporated effect of § 188 explicitly noted in <u>Pacific Adventures</u>.

Indeed, § 188 specifically states that all the other sections of the Limitation Act, including § 183c, "shall apply" to essentially all classes of vessels operating either offshore or inland. <u>See</u>, 46 U.S.C. § 188.

3

B.     Pacific Adventures Has Not Been "Overruled"

XPI cautions that this Court "should not be mislead" by Claimants' assertions that Pacific Adventures "constitutes 'published precedent' and is 'squarely on point'". Opp. at 5. The case is published. It is also on point. And it is precedent. Black's Law Dictionary (6th ed. 1990) at 1176 ("Prior cases which are close in facts or legal principles to the case under consideration are called precedents"). Perhaps conscious of these obvious points, XPI then argues Pacific Adventures has been in any event "overruled". Opp. at 6.

For that proposition, XPI first cites the incorrectly decided Waggoner, supra, an unpublished decision, which is not controlling even within its *own* jurisdiction. In re Sampath, 314 B.R. 73, 99 n. 32 (Bankr. E.D.Va. 2004) ("Unpublished opinions are not binding precedent in the Fourth Circuit").

Next, XPI cites Schultz v. Florida Keys Dive Center, Inc., 224 F.3d 1269 (11th Cir. 2000), which is likewise not binding on this Court, nor any court outside the Eleventh Circuit. Any weight Your Honor chooses to give the decision is strictly voluntary, and it should be given no weight at all. First, the Schultz court repeatedly emphasized the factually specific nature of its holding. See, 224 F.3d at 1271 ("We follow the consistent lead of the few cases addressing the release issue *under facts similar to this one . . . in recreational scuba-diving cases such as this one*") and ("*These cases are fact-specific. . . .* where the injury, an apparent

4

drowning, *resulted strictly from a recreational scuba-diving accident*") (emphasis added). This case, however, like Pacific Adventures itself, clearly involves "operation of a vessel". 5 F.Supp.2d at 878. Claimants were injured from XPI's vessel while it was underway. Schultz is therefore distinguishable on a factual level, the same level upon which the Schultz court ostensibly rested its decision.

But the Schultz opinion also contains glaringly suspect reasoning, seriously calling into question its overall validity, even if it is limited to its facts.

Referring to ship tickets negating or limiting negligence liability, the court acknowledges the legislative history stating § 183c was intended to "put a stop to all such practices and practices of like character". The Schultz court then found, however, as a matter of law, that limiting liability for ship negligence was not like limiting liability for dive boat negligence, in the "recreational and inherently risky activity of scuba diving." 224 F.3d 1269. The Pacific Adventures opinion addresses this point specifically and lays it to rest: "*Section 183c, however, has been applied when recreational activity is involved.*" 5 F.Supp.2d at 879 (emphasis added), citing Moore v. American Scantic Line, Inc., 121 F.2d 767 (2nd Cir. 1941). "The plaintiff was injured in a rope jumping contest on the deck of a ship." Id. "Plaintiff filed suit against the defendant for negligently maintaining the deck." Id. "Applying Section 183c, the court found that a provision in the ticket limiting liability for negligence was void." Id.

5

### C. An Inter-Circuit Conflict Already Exists

XPI also argues that it is procedurally "well-settled" under Ninth Circuit law that this Court must follow Waggoner and Schultz. The case XPI relies upon, however, Environmental Protection Information Center, Inc. v. Pacific Lumber Co., 257 F.3d 1071 (9th Cir. 2001), actually reads as follows:

> *The parties have not cited, nor have we found, another federal case ruling on this precise issue.* The question before us is whether we should follow the Third Circuit or create an intercircuit conflict. Our court has provided us with the analysis to be followed: unless there are valid and persuasive reasons to hold otherwise, we should not create an intercircuit conflict. That is, the presumption is not to create an intercircuit conflict.

Pacific Lumber, 257 F.3d at 1077 (emphasis added).

In Pacific Lumber there was only one precedent to consider -- a decision outside the considering court's own jurisdiction. The situation here is entirely different. This Court has a published decision of its own that is squarely on point. Thus, an inter-circuit conflict *already exists*, and this Court owes no deference to unpublished and highly suspect opinions from outside this jurisdiction.

### D. Two Ports Are Not Required

In terms of geographical coverage, Pacific Adventures held § 183c simply requires that "there must be a nexus between the voyage and the United States." 5 F.Supp.2d at 879. The full context is as follows:

> [Ship owner] argues that Section 183c should not apply because [claimants] hired the "Kai Nalu" to transport them to and from the same port, and Section 183c applies to transportation between ports. *Section 183c, however, is not so limited.* Provisions stating "between ports of the United States or between any such port and a foreign port" means that *there must be a nexus between the voyage and the United States.* The terms of 183c do not limit its application to voyages between different ports of the United States, and *the Court finds no reason to impose such a distinction.*

Pacific Adventures, 5 F.Supp.2d at 879 (emphasis added).

The Ninth Circuit construes the Limitation Act restrictively. Esta Later Charters, supra, 875 F.2d at 239 ("Ship owners are in a poor position to rely on equitable principles in seeking an expansive interpretation of the statute"). With that gloss, the "nexus" interpretation in Pacific Adventures is eminently reasonable on its face. But again, the statutorily incorporated provisions of § 188 make it indisputable. Section 188, by its explicit terms, makes § 183c applicable to virtually all classes of vessels operating in either offshore or inland waters, without requiring they call at two ports instead of one. See, 46 U.S.C. § 188.

E.   Hawaii Law Does Not Apply

XPI argues Pacific Adventures is "an anomaly" that "every other United States district or appellate court" has refused to follow. Opp. at 9. Beyond XPI's rhetoric, the reality is a total of four cases – including one unpublished opinion, and two lower court decisions that state their results in ultra-conclusory terms,

7

without any meaningful analysis whatsoever. This is hardly an impressive body of law, compared to Pacific Adventures' careful treatment. Perhaps mindful of that weakness, XPI finally argues, as a last-ditch effort, that under Hawaii law whether an "inherent risk" caused the accident is a material issue of fact.

Where admiralty jurisdiction is present, however, and where, as here, admiralty law provides a rule of decision, it applies exclusively. East River S.S. Co. v. Trans-America DeLeval, Inc., 476 U.S. 858, 864 (1986) ("With admiralty jurisdiction comes the application of substantive admiralty law"); Offshore Logistics v. Tallentire, 477 U.S. 207, 222-223 (1980) (the "reverse-Erie doctrine . . . requires that the substantive remedies afforded by the States conform to governing federal maritime standards"). Because § 183c controls, Hawaii law does not come into play. The issue of inherent risk is simply irrelevant.

IV.   CONCLUSION

Claimants respectfully request that this Motion be granted.

DATED: Honolulu, Hawaii, January 10, 2006.

Respectfully submitted,

PATRICK F. McTERNAN
HOWARD G. McPHERSON
Attorneys for Claimants
HEALY BARTLETT and
STEVE JAQUES

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of X-TREME PARASAIL, INC., a Hawaii corporation, regarding Motor Vessel, X-TREME, Official Number 1153017 for exoneration from or limitation of liability,<br><br>Petitioner. | ) CIVIL NO. CV04-00730 BMK<br>) (In Admiralty)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and correct copy of the foregoing document was duly served by the means indicated below, to the following:

| | |
|---|---|
| M. W. MONROE & ASSOCIATES, P.C.<br>DANIEL F. BERBERICH, ESQ.<br>5933 W. Century Boulevard<br>Royal Airport Plaza, Suite 800<br>Los Angeles, California 90045 | [via U. S. Mail] |
| LAW OFFICES OF ROY Y. YEMPUKU, ALC<br>ROY Y. YEMPUKU, ESQ.<br>The Pacific Guardian Center<br>Suite 2930, Mauka Tower<br>737 Bishop Street<br>Honolulu, Hawaii 96813<br><br>Attorneys for Petitioner<br>X-TREME PARASAIL, INC. | [via Hand-delivery] |

DATED: Honolulu, Hawaii, January 10, 2006.

                            PATRICK F. McTERNAN
                            HOWARD G. McPHERSON
                            Attorney for Claimants
                            HEALY BARTLETT and
                            STEVE JAQUES

Case 1:04-cv-00730-BMK  Document 77  Filed 01/10/2006  Page 10 of 10